923 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ted J. ZERNECHEL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3253.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1990.
 
 Before ARCHER, CLEVENGER and RADER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Ted Zernechel appeals from the decision of the Merit Systems Protection Board, Docket No. CH07528910382 (August 7, 1989), affirming the United States Postal Service's decision to demote him for misuse of a government-sponsored credit card and misuse of travel funds. We affirm.
 
 OPINION
 
 2
 The board found that Zernechel misused his Diner's Club credit card by purchasing an airplane ticket for his wife, guaranteeing a hotel room for personal use, and failing to pay the charges in a timely manner. The board also found that Zernechel violated the Postal Service's Code of Ethical Conduct/Standard of Conduct and sections 661.61 and 666.2 of the Employee and Labor Relations Manual by using travel advances and travel voucher funds for personal purposes rather than applying the money towards his government travel debt, thus creating the appearance of using his Postal Service office for private gain.
 
 
 3
 Our standard of review is narrow. We must affirm the MSPB decision unless it is arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 4
 Zernechel has admitted to the facts upon which the charges are based. It is clear to us, as it was to the board, that he violated the agreement he signed to obtain a government Diner's Club card and that his personal use of travel money was contrary to the code of conduct of the Postal Service.
 
 
 5
 We also agree with the board that a nexus existed between Zernechel's conduct and the efficiency of the service. The Diner's Club card agreement Zernechel signed reflected that the credit card was government sponsored and only available upon the authorization of the Postal Service. Zernechel occupied a high level supervisory position, having responsibility for approximately 200 employees and the operation of an entire facility. The position required an individual of the highest integrity and responsibility. Zernechel's intentional misconduct brought into question his ability to perform his supervisory duties. Moreover, since the position required frequent travel, Zernechel's misuse of his credit card and travel funds directly affected the Postal Service's confidence and trust in permitting him to engage in travel.
 
 
 6
 Finally, Zernechel's demotion from EAS-20 Tour Superintendent of Mails to PS-6 Distribution Clerk was within the boundaries of the Postal Service's discretion. The PS-6 position was the highest level non-supervisory position available. Based on Zernechel's conduct, we cannot conclude that the Postal Service acted arbitrarily in relieving him of supervisory responsibilities.